FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JAN 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
Mohammed Talal,

                Plaintiff,

   -against-

Bank of America & World Impresario, Corp.,

                Defendants.
------------------------------------------------------x

MEMORANDUM AND ORDER

09 Civ. 3069

GLASSER, United States District Judge:

## INTRODUCTION & BACKGROUND

Mohammad Talal, ("Plaintiff"), is a Pakistani-Canadian residing in Queens County, New York. Talal was a customer at Bank of America and held a Platinum Visa credit card ending in account digits 9232 (hereinafter "Plaintiff's account"). Talal, who holds a Canadian passport, often travels to Pakistan for business-related purposes. (Compl. at ¶ 5). Plaintiff claims that he was residing in Pakistan from August 3, 2007 through May 20, 2008. (Compl. at ¶ 6). From December 31, 2007 to March 24, 2008, Plaintiff was charged by World Impresario $2,300, six times, totaling $13,800. (Compl. at ¶¶ 6-12, 16). In January 2008, Talal discovered several of these charges and immediately contacted the Bank of America to dispute them. (Compl. at ¶¶ 14-15). On May 14, 2008, Bank of America credited Talal's account $13,800.

Two weeks later, however, Bank of America reversed its credit to Plaintiff's account and asserted Talal's liability for the $13,800. (Compl. at ¶ 18). Bank of America claimed that the credit charges were authorized and charged Talal with fees and interest relating to the charges. Bank of America then proceeded to relay damaging information to credit reporting agencies. Plaintiff contacted these credit reporting agencies to notify them of his dispute surrounding the charges with Bank of America. (Compl. at ¶ 25). Agents of Bank of America also frequently

1

called Plaintiff's home and demanded payment for the charges surrounding the aforementioned transactions. (Compl. at ¶¶ 24, 26).

After Plaintiff obtained Counsel, he furnished Defendants evidence, such as itineraries and pay-slips, which, he asserts demonstrated that he was outside of the country during the said dates. (Compl. at ¶¶ 22-23). Defendant, however, contends that nothing in the evidence provided by Plaintiff conclusively demonstrated that Talal was out of the country and thus did not authorize the disputed charges. (Document 17 at p. 1).

On June 19, 2009, Talal filed suit in the Supreme Court, Queens County, in the State of New York against Bank of America and World Impressario ("Defendants") asserting a number of causes of action. The case was removed to federal court pursuant to 28 U.S.C. § 1441(b). Judge Glasser assigned this case to Magistrate Judge Gold who scheduled a settlement conference.

On October 1, 2010, the morning of the conference, Counsel for the Plaintiff, Mona R. Conway, informed Judge Gold that Talal would not be able to attend the conference. On the same day, she also submitted a motion, Document 20, where she moved to withdraw as Counsel. She cited "a break-down in [] [the] attorney/client relationship." (Document 20 at p.4). Ms. Conway further states that Talal "lost confidence in his counsel," "refuses to take Counsel's advice" and "desires a new attorney." (Document 20 at p.4).

Magistrate Judge Gold accepted Ms. Conway's Motion to Withdraw and rescheduled the settlement conference for October 15th, 2010. When Talal failed to appear on that date, Judge Gold issued a Report and Recommendation ("R&R") suggesting dismissal of Plaintiff's

Complaint.[1] Plaintiff timely submitted Objections to Judge Gold's Report & Recommendation. Pursuant to Rule 72 of the Federal Rules of Civil Procedures, this matter now appears before this Court, for a *de novo* review.

## DISCUSSION

The issue before this Court is not the merits of the Plaintiff's claims but rather whether Magistrate Judge Gold's R&R shall be accepted or rejected in light of all the facts now available before us. Rule 72(b) of the Federal Rules of Civil Procedure provides that once timely objections have been made to a magistrate judge's Report and Recommendation:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Plaintiff's by his new Counsel, Steven Grant, refers to the breakdown of his client's relationship with his former Counsel as the responsible cause for not having been informed of the settlement conferences. He contends that Magistrate Gold had not been properly notified that he was out of the country during both settlement conferences and that Talal had requested his then Counsel, Ms. Conway, to schedule such conferences when he was not abroad.

Crediting the Plaintiffs assertions that Magistrate Gold was not informed of his absence from the country and was, for that reason coupled with the fractured relationship between him and his counsel, not present at the two settlements conferences, the dismissal of his actions, this

---

[1] Magistrate Judge Gold issued a warning to the Plaintiff stating that failure to attend the October 1, 2010 settlement conference would result in an R&R which would suggest that his case be dismissed. However, when the Plaintiff failed to appear at the October 1, 2010 settlement conference, Judge Gold overlooked the Plaintiff's absence and rescheduled the meeting. However, when Plaintiff again failed to appear on October 15, 2010, Judge Gold dismissed his case and issued the R&R now before this Court.

3

Court was certain was an inadvertent abuse of discretion and thus clearly erroneous. The R&R is therefore rejected and the matter is returned to Magistrate Gold for further proceedings.

SO ORDERED.

Dated:    Brooklyn, New York
          January 25, 2011

                                                            S/ILG
                                                    _____
                                                    I. Leo Glasser